

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **ANTHONY HAYES,** | ) | **Docket No. 2018-08-1204** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ELMINGTON PROPERTY MGMT.,** | ) | **State File No. 56539-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACCIDENT FUND GENERAL INS.** | ) | **Judge Deana C. Seymour** |
| **CO.,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

This case came before the Court for a Compensation Hearing on July 28, 2021. For the following reasons, the Court dismisses the case.

### History of Claim

On July 27, 2018, Mr. Hayes fell while working as a maintenance technician for Elmington. He reported his fall and received authorized treatment at an emergency clinic, which placed him on light-duty restrictions and referred him for orthopedic treatment.

After the referral, Mr. Hayes selected orthopedic surgeon, Dr. David Deneka, from a panel. Dr. Deneka conservatively treated Mr. Hayes's left knee and released him at maximum medical improvement. He assigned no permanent impairment but noted Mr. Hayes should return as needed.

Afterward, Mr. Hayes filed a Petition for Benefit Determination for medical treatment of back and neck symptoms allegedly related to his fall but not addressed by Dr. Deneka. He also requested temporary and permanent disability benefits.

After issuance of a Dispute Certification Notice, Mr. Hayes requested an Expedited Hearing that occurred June 21, 2019. After the hearing, the Court ordered

1

Elmington to schedule an appointment with Dr. Deneka to provide additional medical treatment related to his fall but denied temporary disability benefits. Mr. Hayes appealed, and the Appeals Board affirmed the trial court's order, found the appeal frivolous, and remanded the case.

After the remand, Mr. Hayes returned to Dr. Deneka for his neck and back complaints. However, those complaints fell outside of Dr. Deneka's area of practice. So, Elmington provided a new panel of physicians from which Mr. Hayes chose Dr. Mark Harriman.

After evaluating Mr. Hayes, Dr. Harriman concluded, "[s]pecifically, I can state with greater than 50% assurance that [Employee's] complaints of lumbar and cervical neck pain are not related to his on-the-job injury of July 27, 2018."[1]

After Dr. Harriman's evaluation, the Court entered a Scheduling Order on January 14, 2020, setting a Compensation Hearing for June 17. However, before the hearing, Mr. Hayes filed a motion and appeals, which delayed the hearing. Thus, the Court set another Scheduling Hearing, and Elmington filed a motion for partial summary judgment.

The Court revised the scheduling order deadlines and reset the Compensation Hearing for October 2. It also set a telephonic hearing on Elmington's motion for partial summary judgment. However, due to Mr. Hayes's disruptions during the summary judgment hearing, the Court rescheduled it as an in-person hearing on September 2.

In the meantime, Mr. Hayes filed an appeal listing three separate orders. The Appeals Board dismissed the appeal as untimely on September 1. Immediately afterward, court staff emailed the parties to confirm the hearing would proceed on September 2. When Mr. Hayes failed to appear, court staff attempted to reach him by telephone.

The Court heard Elmington's motion for partial summary judgment and entered an order granting the motion. Mr. Hayes appealed, and the Court continued the Compensation Hearing until the Appeals Board ruled.

On November 10, the Appeals Board affirmed the order granting partial summary judgment and remanded the case. The Court attempted to coordinate a new Compensation Hearing date, but Mr. Hayes did not respond. Thus, the Court entered an

---

[1] Dr. Harriman's initial report noted he performed an independent medical evaluation, so the Court ordered Elmington to provide another panel. Then, Dr. Harriman clarified that his report was improperly titled and stated, "the report should have been titled as a medical opinion with option to treat." Based on this opinion, the Court granted Elmington's motion to reconsider, finding the employer had satisfied its obligation to provide Mr. Hayes a panel. Mr. Hayes appealed, but the Appeals Board dismissed the appeal as untimely and remanded the case.

order setting the Compensation Hearing for February 17, 2021. Due to inclement weather, the Court continued the hearing and set a status hearing to reset the hearing date.

Mr. Hayes did not appear at the status hearing. Therefore, the Court set the Compensation Hearing for March 24.

Mr. Hayes then challenged the Court's jurisdiction. The Court entered an order confirming its jurisdiction, and Mr. Hayes appealed. Elmington moved to dismiss the appeal. The Court continued the Compensation Hearing until the Appeals Board remanded the case. The Appeals Board then dismissed the appeal and remanded for assessment of attorney fees, and Elmington filed a motion to reset the Compensation Hearing.

Court staff provided the parties with proposed hearing dates, but Mr. Hayes did not respond. The Court entered an order assessing attorney fees and an order setting the Compensation Hearing for May 19. Mr. Hayes appealed both orders on April 21, and the Appeals Board dismissed the appeals as frivolous, awarded attorney fees, and remanded the case.

Two days before the Compensation Hearing, Mr. Hayes advised the clerk he could not attend the May 19 hearing because of a scheduled medical procedure. The Court continued the hearing when it learned an appeal was still pending before the Tennessee Supreme Court. Elmington moved for the Supreme Court to dismiss the appeal.

After the Supreme Court dismissed the appeal, the Court issued a notice on May 18 resetting the Compensation Hearing for July 28. Elmington filed a motion on May 20 to allow a witness to appear by phone and served Mr. Hayes. He did not respond. The Court granted the motion and restated the July 28 trial date in its June 10 order. The clerk also sent an email to the parties on July 23 regarding the Compensation Hearing date, time, and location.

On July 28, the Court convened an in-person hearing. Elmington appeared through counsel. Mr. Hayes neither appeared nor filed anything in support of his claim as required by the Scheduling Order. After waiting over thirty minutes for Mr. Hayes to appear, Elmington moved for dismissal.

**Findings of Fact and Conclusions of Law**

Tennessee Code Annotated section 50-6-216 (2020) directs the Court to apply the law fairly and impartially, favoring neither the employee nor the employer. Mr. Hayes chose to represent himself. He must comply with the same standards as those required of represented parties. *Watson v. City of Jackson,* 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

3

Here, the Court considers Elmington's motion to dismiss under Tennessee Rules of Civil Procedure 41.02(1). This rule provides that a defendant may move for involuntary dismissal of an action against it when the plaintiff fails to prosecute his claim, comply with the rules, or comply with an order of the court. The Court finds all three grounds apply.

Mr. Hayes did not prosecute his case. Under Tennessee Code Annotated section 50-6-239, he must prove every element of his case by a preponderance of the evidence. He had full opportunity to pursue his case. However, Mr. Hayes elected to file numerous motions and appeals that delayed pursuit of his claim instead of developing his evidence to prosecute his case.

Next, Mr. Hayes did not comply with the Court's rules. He filed no documentation to support his claim for benefits and did not appear for trial.

Finally, Mr. Hayes did not comply with the Court's order setting the case for hearing. After he exhausted his appeals, the Court reset the Compensation Hearing for July 28. It restated the July 28 trial date in its June 10 order granting Elmington's motion to allow a witness to appear at the hearing by phone. On July 23, the clerk sent an email to the parties regarding the Compensation Hearing date, time, and location. All pleadings were served on Mr. Hayes at the addresses provided to the Court, Appeals Board, and the Supreme Court. Based on the entire record, the Court finds no justification for Mr. Hayes's failure to appear or contact the Court.

The Court notes that Rule 41.02 "is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test but determined to subject them to the continuing threat of eventual judgment." *Osagie v Peakload Temp. Serv.,* 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). Based on these procedural safeguards and the entire record, the Court exercises its discretion and dismisses this case.

IT IS, THEREFORE, ORDERED as follows:

1.    Mr. Hayes's claim is dismissed with prejudice.

2.    Elmington shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-06 (Aug. 2019).

3.    Elmington shall file form SD-2 with the Clerk within ten business days of this order becoming final.

4

4. Unless appealed, this order shall become final in thirty days.

ENTERED August 16, 2021.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 16, 2021.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Anthony Hayes, Employee | X | X | X | General Post<br>555 South 3rd Street<br>Memphis, TN 38101-9998<br>Ah.hayes1@gmail.com |
| Stephen P. Miller, Employer's Attorney | | | X | smiller@mckuhn.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

**The Court considered all filings in the technical record located in TNComp.**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*